UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IN THE MATTER OF THE SEARCH OF THE         DECISION & ORDER
SUBJECT PREMISES, VEHICLE, STORAGE
UNIT, PERSON, AND DEVICES                       23-MJ-4010
_____

        Pending before the Court is an application filed by Michael Grimm pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure seeking the return of property. (Docket # 10). The government opposes the motion on the grounds that Grimm has not identified what specific property he seeks to have returned, nor established that he is lawfully entitled to possess such property. (Docket # 12).

        According to the parties, various items of evidentiary or potential evidentiary value were seized on January 12, 2023 during searches of multiple locations for which warrants were issued. (Docket ## 10, 12). In addition, two other cellphones were seized at a subsequent time from Grimm and/or his truck. (*Id.*). Among the items seized were various electronic devices, including computers and cellphones, and documents and other physical evidence. (Docket # 12 at 1-2).

        In order to establish the right to the return of property pursuant to Rule 41(g), "the moving party 'must demonstrate that (1) *he is entitled to lawful possession of the seized property*; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended.'" *United States v. Provenzi*, 2024 WL 1045178, *1 (W.D.N.Y. 2024) (emphasis in original) (quoting *Ferreira v. United States*, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005)). In other words, the government is correct that Grimm must demonstrate that he has the right to lawfully possess the seized property. (*See* Docket # 12

at 2-3). *See also United States v. Gray*, 2024 WL 1526368, *4 n.3 (S.D.N.Y. 2024) ("[i]f the iphone were not [movant's], such would separately call into question his entitlement for its return under Rule 41(g)"); *United States v. Ferreira*, 354 F. Supp. 2d at 409 (movant must establish "as a preliminary matter that the property in question was in fact his to begin with"). No sworn affidavit or other competent evidence establishing facts sufficient to draw that conclusion has been submitted by Grimm.

Thus, if Grimm wishes to persist in his application for the return of property, he must supplement his petition on or before **August 16, 2024** by specifically identifying the items seized which he is seeking to have returned to him and demonstrating – for each of those items – that he is entitled to lawfully possess them. If Grimm supplements his petition, the government may respond by no later than **September 9, 2024**.

**IT IS SO ORDERED.**

    *s/Marian W. Payson*
    MARIAN W. PAYSON
    United States Magistrate Judge

Dated: Rochester, New York
       July 15, 2024